IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

PAUL J. FREDERICK,
TAMELA K. FREDERICK,

        Plaintiffs,

v.                                        Civil Action No. 11-CV-1346-EFM-KMH

J.P.MORGAN CHASE BANK, N.A.,

        Defendants.

## COMPLAINT

COMES NOW the Plaintiffs Paul J. Frederick and Tamela K. Frederick, ("the Plaintiffs"), by counsel, and for their complaint against the Defendants J.P. Morgan Chase Bank, N.A. ("Chase") state and allege as follows:

### INTRODUCTION

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq., and for the common law tort of defamation.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; and, generally, under 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

1

## PARTIES

4. Plaintiff, Paul J. Frederick, is a natural person residing in Newton, Kansas.

5. Plaintiff, Tamela K. Frederick, is a natural person residing in Newton, Kansas.

6. Chase conducts business in Kansas and is in the business of extending and/or servicing consumer home loans.

7. Chase may be served by delivering a copy of the summons and the complaint to its Registered Agent, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. The Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

9. Plaintiffs are entitled to the protections and benefits of the Fair Credit Reporting Act ("FCRA").

10. Chase is a national bank and a "financial institution" as defined by 15 U.S.C. § 1681a(t).

11. On or about January of 2004 Plaintiffs, jointly, borrowed money to purchase a property located in Peabody, Kansas.

12. Sometime in 2004 the mortgage account was transferred to Chase.

13. Plaintiffs have continued to pay this mortgage over the years.

14. On or about May 2010, Plaintiffs went to Mid American Powersports in Wichita, KS to inquire about buying motorcycles. At that time, the Plaintiffs applied for a loan with Mid American Powersports to finance the purchase and they were declined.

15. On or about May 31, 2011, after being declined for the loans, the Plaintiffs went to Crossroads Credit Union in Goessel, KS and talked with Kelly Schrag who pulled a copy of the Plaintiffs' credit reports from TransUnion.

16. On that date, the TransUnion credit reports for both Plaintiffs listed the Chase mortgage loan account as closed and settled for less than full balance.

17. The Chase representation that the Plaintiffs' mortgage loan account was closed and settled for less than full balance is false.

18. On or about June 1, 2011, Plaintiff Tamela Frederick went online to TransUnion to review her credit report. At this time Plaintiff Tamela Frederick disputed the report of the Chase mortgage loan account status. Plaintiff Tamela Frederick listed the reason for the dispute as: "[t]he account is not closed and I have been making payments on it."

19. Additionally, in the "comments" section of the TransUnion dispute Plaintiff Tamela Frederick stated: "I am receiving monthly statements from them and paying them! Been paying them $400 for the last year and before that it was $396."

20. Plaintiff Tamela Frederick received confirmation that her dispute was submitted to TransUnion on June 1, 2011.

21. On or about June 9, 2011, TransUnion sent its investigation results from the June 1, 2011 dispute of the Chase mortgage loan. The results just repeated the loan information and did not state anything further.

22. Also on June 1, 2011, Plaintiff Tamela Frederick went online to the Chase website at chase.com and into a secured messaging center and sent an inquiry entitled "Credit Amendment Inquiry" to request a credit amendment by Chase regarding the mortgage loan.

23. Specifically, Plaintiff Tamela Frederick stated: "Trying to get a loan and credit report is showing that this account was Settled for full balance and that it was closed on 10/09 showing $0 balance…I want both our credit reports to be changed immediately showing that we are paying on this note and have been…"

24. On or about June 4, 2011 Chase responded to the request to amend credit by stating: "Our records show that we received your May 2010 payment on June 15, 2010.  To consider your monthly payment on time, we must receive the payment within zero to 29 days from the due date.  We did not receive the payment that you disputed within this time frame."

25. Again, on or about June 30, 2011 Plaintiff Tamela Frederick sent another inquiry entitled "Payment Inquiry" to Chase online through the secure messaging site and stated that she was no longer going to make payments if Chase continued to report the loan as paid with a zero balance.  She also requested copies of the settlement papers related to the charge-off and stated that neither Plaintiff ever agreed to any sort of settlement on this loan.

26. On July 1, 2011 in response to the "Payment Inquiry" Chase responded that their records showed that the Plaintiffs account is still active with an outstanding principal balance of $24,171.19.  Chase then directed Plaintiff Tamela Frederick to initiate a dispute with a credit reporting agency.

27. On July 1, 2011, Plaintiff responded to this reply from Chase stating that she had disputed the status through the credit reporting agency and that the credit reporting agency stated that the "closed/charge-off" status was accurate.

28. On July 6, 2011, Chase sent another response to Plaintiff Tamela Frederick through the secure messaging site and stated that the loan "was completed as a short sale under the Homeowner's Assistance Department."

4

29.     The Plaintiffs have not sold this property and never agreed to a short sale.  This representation is false.

30.     Additionally, on or about June 9, 2011 Plaintiff Tamela Frederick wrote a letter to Chase's research department.  In this letter she explained that Chase is reporting the mortgage loan to the credit agencies as charged off and settled for less than full balance while she is also being told that the account is current and in good standing.  Plaintiff Tamela Frederick again requested that this inaccurate information be corrected and the Plaintiffs' credit reports be updated to show the loan is still active and current.  In addition to the letter the Plaintiff Tamela Frederick sent copies of a mortgage loan statement from May 16, 2011 as well as her online payment history for the Chase mortgage loan, as well as copies of the credit reports showing the Chase mortgage loan's status.

31.     In response to her letter, on June 15, 2011 Chase stated that their "records show that this account was a charge-off now closed, and settled for less than the full balance on October 29, 2009.  The credit bureaus show the same information."

32.     On or about August 29, 2011 Plaintiff Tamela Frederick checked the status of the Chase mortgage loan on her TransUnion credit report and it indicated as follows: "Dispute resolved; reported by grantor."

## COUNT I

33.     Plaintiffs reallege and incorporate paragraphs 1 through 32 above as if fully set out herein.

34.     Chase published false and defamatory words to TransUnion and through TransUnion to all of the Plaintiffs' potential lenders on multiple occasions, including but not

5

limited to the credit report relied on by MidAmerican Powersports when the Plaintiffs sought a loan in May of 2011.

35. Chase also published false and defamatory words to TransUnion and through TransUnion to Crossroads Credit Union in Gossel, KS on May 31, 2011.

36. Both publications by Chase of such false and defamatory words were done with malice or with willful intent to injure the Plaintiffs. Chase did not have any reasonable basis to believe that the Plaintiffs' loan was charged off and settled for less than the full amount as reported by Chase when the account is clearly current and ongoing. Chase had substantial evidence by which to have verified that the account was current and ongoing. Chase willfully determined to follow procedures which did not review, confirm or verify the actual status of the account.

37. As a result of this conduct by Chase, the Plaintiffs suffered damage by harm to their reputation and loss of credit; loss of the ability to purchase and benefit from credit; and the mental, emotional pain, anguish, humiliation and embarrassment of credit denials.

## COUNT II

38. Plaintiffs reallege and incorporate paragraphs 1 through 37 as if fully set out herein.

39. Chase violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing the false representation within the Plaintiffs' credit file with TransUnion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiffs dispute of the false representations; by failing to review all relevant information regarding the dispute; by failing to accurately respond to TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully

correct its own internal records to prevent the re-reporting of the false representations to consumer reporting agencies.

40. As a result of this conduct by Chase, both action and inaction, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental, emotional pain, anguish, humiliation, and embarrassment of credit denials.

41. Chase's conduct, both action and inaction, was willful, rendering it liable for actual damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a)(2).

42. In the alternative, Chase was negligent entitling Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

43. The Plaintiffs are entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, the Plaintiffs respectfully request that judgment be entered against the Defendant and for the Plaintiffs; for actual, statutory and punitive damages; for their attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiffs demand a trial by jury in this action.

## TRIAL DESIGNATION

Plaintiff designates Wichita, Kansas, as the location for the trial in this action.

Dated this 8th day of November 2011.

                                    Respectfully submitted by:

                                    _/s/ Emily K. Wilson_____
                                    Emily K. Wilson, #24784
                                    Eron Law Office, P.A.
                                    229 E. William, Suite 100
                                    Wichita, KS 67202
                                    316-262-5500
                                    316-262-5559 (fax)
                                    emily@eronlaw.net

                                    Attorneys for Plaintiffs

## VERIFICATION

Paul J. Frederick, of lawful age, being fist duly sworn upon oath states: That he is a Plaintiff in the lawsuit entitled *Paul J. Frederick and Tamela K. Frederick v. J.P. Morgan Chase Bank, N.A.* and that I have read the foregoing Complaint that I have personal knowledge of the matters set forth therein and that the same are true and correct to the best of my knowledge.

_____
Paul J. Frederick

STATE OF KANSAS       )
                      )ss
COUNTY OF ~~HARVEY~~ Sedgwick  )

Subscribed to and sworn before me this 8th day of Nov 2011.

Notary Public State of Kansas
Buffy McCarty
My Appt. Exp 12-31-13

_____
Notary Public

My appointment expires: 12-31-13

9

## VERIFICATION

Tamela K. Frederick, of lawful age, being fist duly sworn upon oath states: That he is a Plaintiff in the lawsuit entitled *Paul J. Frederick and Tamela K. Frederick v. J.P. Morgan Chase Bank, N.A.* and that I have read the foregoing Complaint that I have personal knowledge of the matters set forth therein and that the same are true and correct to the best of my knowledge.

*Tamela K. Frederick*
Tamela K. Frederick

STATE OF KANSAS       )
                      )ss
COUNTY OF HARVEY      )

Subscribed to and sworn before me this 7th day of Nov 2011.

*Julie Swarts*
Notary Public

My appointment expires: 11-16-12

JULIE SWARTS
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 11-16-12

10